UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH PATRICK FLOYD,

        Petitioner,

v.                                  Case No.  8:07-cv-449-T-17TGW

SECRETARY, DEPARTMENT OF CORRECTIONS,

        Respondent.

_____

## ORDER

    Petitioner Kenneth Patrick Floyd petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Floyd challenges his conviction and sentence entered by the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida.  A review of the record demonstrates that, for the following reasons, the petition must be denied.

PROCEDURAL HISTORY

    On June 6, 2003, the State Attorney filed an Information charging Floyd with one count of burglary of a dwelling and one count of grand theft. (Exh 22: Vol. 1: R 18-22).[1] On July 25, 2003, the State Attorney filed an amended Information alleging that Floyd had received two or more prior theft convictions. (Exh 22: Vol. 1: R 24-25). On September 18, 2003, the case proceeded to jury trial before the Honorable Roger A.

_____

[1] The three-volume record (2 original and 1 supplemental) on direct appeal is attached as Respondent's Exhibit 22.

Alcott, Circuit Judge. Floyd was represented by Assistant Public Defender William J. Twyford. The jury found Floyd guilty of burglary of a dwelling, as charged, and guilty of theft. (Exh 22: Vol. 1: R 27). On September 19, 2003, the court adjudicated Floyd guilty and sentenced him to fifteen years as a prison releasee reoffender. After determining that Floyd had received the requisite prior theft convictions, the court sentenced him to a consecutive five years sentence as a prison releasee reoffender for "grand theft." (Exh 22: Vol. 1: R 85-93, 98-106).

Floyd filed a timely notice of appeal on October 14, 2003. (Exh 22: Vol. 2: R 107). On March 19, 2004, Floyd filed a motion to correct sentencing error pursuant to Rule 3.800(b)(2) of the Florida Rules of Criminal Procedure. (Exh 22: SuppVol. 1: R 120-148). The court granted the motion and on April 8, 2004, resentenced Floyd to fifteen years as a prison releasee reoffender (PRR) for burglary of a dwelling and to a consecutive five year sentence for felony petit theft, without the PRR designation. (Exh 22: SuppVol. 1: R 150-151).

Floyd pursued a direct appeal. Clark E. Green, the Assistant Public Defender assigned to represent him on appeal, filed an *Anders* brief, stating that he could find no meritorious argument to support the contention that the trial court committed significant reversible error in this case. (Exhibit 1). Counsel invited the appellate court's attention to two potential issues for review:

> Issue I: Did the trial court err by denying the Appellant's judgment of acquittal motion?
>
> Issue II: Did the trial court err by sentencing the Appellant to fifteen years as a prison releasee reoffender for burglary of a dwelling and to a consecutive five years for felony petit theft?

Pursuant to the appellate court's order, Floyd filed a pro se brief in which he raised a claim that his sentence violated *Blakely v. Washington* and *Apprendi v. New Jersey*. (Exhibit 2). On November 9, 2004, the State filed its *Anders* brief of Appellee with additional argument. (Exhibit 3). The appellate court then directed the parties to file supplemental briefs on the issue of the legality under Florida law of the consecutive sentences. Floyd's counsel and the State both filed supplemental briefs. (Exhibits 4 & 5). On July 22, 2005, in Case No. 2D03-4857, the Second District Court of Appeal filed an opinion affirming Floyd's convictions and sentence without prejudice to any right Floyd might have to file a Rule 3.850 motion for postconviction relief. (Exhibit 6). *Floyd v. State*, 906 So. 2d 1229 (Fla. 2d DCA 2005). The mandate issued on August 12, 2005. (Exhibit 7).

On September 4, 2005, Floyd filed a pro se petition for writ of habeas corpus in the state appellate court alleging ineffective assistance of appellate counsel.[2] (Exhibit 8). The State filed a response in opposition to the petition, with record attachments. (Exhibit 9). On December 22, 2005, in Case No. 2D05-4355, the court filed an order denying the petition without discussion. (Exhibit 10). *Floyd v. State*, 917 So. 2d 870 (Fla. 2d DCA 2005)[table].

On November 22, 2005, Floyd, pro se, filed a Motion for Postconviction Relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Exhibit 11). Floyd raised three grounds for relief: (1) trial counsel was ineffective for failing to properly and

---

[2] The State phrased Floyd's claim as whether "appellate counsel was ineffective in failing to raise on appeal the trial court's removal of a juror and substituting an alternate, solely because the juror was late returning from a recess."

adequately question a potential juror based upon that potential juror's relation to a law enforcement officer and, because of such failure, said potential juror became an actual juror in Defendant's cause; (2) trial counsel was ineffective for failing to move for a judgment of acquittal; (3) Floyd's current sentence, imposed by the court after Floyd was resentenced pursuant to a motion filed under Rule 3.800(b), Fla. R. Crim. P., is still illegal. On December 15, 2005, the trial court issued an order summarily denying ground two of the motion and directed the State to respond to grounds one and three. (Exhibit 12). The State filed its response on December 20, 2005, recommending that an evidentiary hearing be conducted on ground one, and that Floyd be resentenced pursuant to his claim in ground three. (Exhibit 13). An evidentiary hearing was held before the Honorable Dennis P. Maloney, Circuit Judge, on April 24, 2006. (Exhibit 14). Floyd was represented by court-appointed counsel, Charles Nathaniel White, Esquire. At the close of the hearing, the court announced it was taking the matter under advisement. As for the sentencing claim in ground three of the Rule 3.850 motion, the court resentenced Floyd to concurrent sentences on each count, with the prison releasee reoffender designation stricken from count two (felony petit theft). (Exhibit 15).

On April 28, 2006, the court issued a final order denying ground two of the motion for postconviction relief. (Exhibit 16). Floyd appealed the adverse ruling. He chose to represent himself on appeal, and filed an initial pro se brief on July 26, 2006. (Exhibit 17). The State subsequently filed its answer brief and Floyd filed a reply brief. (Exhibits 18 & 19). On November 17, 2006, in Case No. 2D06-2906, the Second District Court of Appeal filed a per curiam silent affirmance of the denial of the motion

-4-

for postconviction relief. (Exhibit 20). *Floyd v. State*, 944 So. 2d 360 (Fla. 2d DCA 2006)[table]. The mandate issued December 8, 2006. (Exhibit 21).

Floyd timely signed and filed the present federal habeas corpus petition. (Doc. 1). Floyd raises one claim of ineffective assistance of trial counsel.

## STANDARDS OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Id.*  However, if a claim fails to satisfy the prejudice component, the court

need not make a ruling on the performance component.

DISCUSSION

Floyd raises the same claim in this Court that he raised in his Rule 3.850 motion

for postconviction relief in the state court and for which he was granted an evidentiary

hearing. Floyd alleges his trial counsel was ineffective for "not properly conducting an

in-depth examination of a particular juror who indicated in response to defense

counsel's question on acquaintance with her husband's law enforcement background

that might have an impact on her job as a juror." In the instant federal petition, Floyd

argues the state court correctly identified the governing legal precedent from the United

States Supreme Court, but unreasonably applied that precedent to the fact of this case.

Floyd's argument is unpersuasive.

Following a full and fair evidentiary hearing to resolve this claim, the

postconviction court made the following findings of fact and conclusions of law in its

final order denying relief:

> The issue to be resolved by the hearing was whether Floyd's trial
> counsel was ineffective for failing to properly and adequately question a
> potential juror whose husband was formerly a police officer. Floyd states
> that the juror should have been challenged for cause. The relevant
> portion of the transcript reads as follows:
>
> MR. TWYFORD: Have you lived in Winter Haven your whole life?
>
> PROSPECTIVE JUROR THOMPSON: Except for six years while
> my husband was stationed at Ft. Benning, Georgia.
>
> MR. TWYFORD: He was a military police officer?
>
> PROSPECTIVE JUROR THOMPSON: Yes.

MR. TWYFORD: Did he talk to you about what he did?

PROSPECTIVE JUROR THOMPSON: Everyday.

MR. TWYFORD: Do you think you have a special knowledge or skills or anything that, you know, you listened to what he did at work and how he approached his job. Do you think that would impact you?

PROSPECTIVE JUROR THOMPSON: I can't say for sure. It might. Just because of hearing it everyday, you know, what they went through everyday.

MR. TWYFORD: All right. And, um, are you familiar with 24th Street, Northwest in Winter Haven?

PROSPECTIVE JUROR THOMPSON: I probably know the vicinity, but, no, not exactly.

No further inquiry was made and Ms. Thompson was selected, without objection, as a trial juror. At the hearing, Mr. Twyford explained that his client intended to testify that he was coming home from a bar, early in the morning, when he saw his aunt's front door open. The neighborhood around 24th Street was plagued by crime and he thought his aunt's residence was being burglarized. That is why he went into the residence. Mr. Twyford was primarily interested in obtaining a juror who would be familiar with the area and thus find his client's account plausible.

Based upon this testimony, I would deny the motion even under the traditional test pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). When the allegation of ineffective assistance is based upon the lawyer's failure to make a cause challenge, the bar is raised. "The test is whether the failure to preserve a challenge to a juror by sufficiently bringing the objection to the trial judge's attention, 'resulted in a biased juror serving on the jury.'" *Carratelli v. State*, 915 So.2d 1256 (Fla. 4th DCA 2005), quoting from *Jenkins v. State*, 824 So.2d 977 (Fla. 4th DCA 2002). There has been no showing that Juror Thompson was biased toward Floyd. Therefore, it is ADJUDGED: That the motion for postconviction relief is DENIED.

(Exh 16: Order Denying Motion for Postconviction Relief at pp. 1- 3).

The testimony presented at the evidentiary hearing supports the trial court's findings. Floyd's trial counsel had already used five challenges, and had determined the juror in question was not biased by her husband's former service as a military police officer sometime in the past. Further, police officers involved in Floyd's case were not key witnesses and were not victims. Floyd's trial counsel was much more concerned with keeping victims of crime off the jury and if he used his last challenge, the prosecution would control the last pick. (Exh 14: R 233-235, 250-251, 256-259, 261, 263-265)

Moreover, it is important to note that Floyd was involved in jury selection. The determination of who to strike was put to him. He had agreed with the choices. (Exh 14: R 258-259) As Floyd acknowledged, he chose two jurors other than Juror Thompson to strike. (Exh 14: R 276-278)

Nowhere in this record is there any evidence of bias or prejudice attaching to this Juror Thompson, as the postconviction court found. Additionally, as Floyd's trial lawyer testified at the hearing, he didn't think there was a basis in the record  honestly to bring a cause challenge. (Exh 14: R 269)

Based upon the totality of this record, Floyd's counsel wanted a juror familiar with the area where the incident took place, who was not a victim of a crime, and he did not think the prosecutor appreciated the area. Floyd's version of the incident would resonate with someone who was familiar with it. (Exh 14: R 267-268).

Here, the only facts before the trial court and presented in this record is the juror in question was married to someone who, sometime before had been a military police

officer in Georgia. They had talked about his work. As the postconviction court pointed out and Floyd's trial counsel agreed, this case was driven by lay witnesses, not police officers.

Floyd's claim of ineffective assistance of counsel is grounded in the claim that counsel failed to strike a biased juror. Under the *Strickland* standard, however, in order to maintain a claim that a biased juror prejudiced Floyd, he must show that the juror was actually biased against him. *See Smith v. Phillips*, 455 U.S. 209, 215, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1981). The state court's determination that Floyd failed to demonstrate actual bias on the part of Juror Thompson was objectively reasonable and Floyd is not entitled to habeas corpus relief on his ineffective assistance of counsel claim.

Accordingly, the Court orders:

That Floyd's petition is denied.  The Clerk is directed to enter judgment against Floyd and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 28, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Kenneth Patrick Floyd